UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

No. CR 12-0482 PJH

    v.

CESAR IBARRA GONZALEZ,

    Defendant.
_____/

**ORDER DENYING MOTION TO EXCLUDE RECORD OF BIRTH**

Defendant moves to exclude a Record of Birth as inadmissible hearsay. The court denies the motion for the reasons set forth below.

The government seeks to admit the birth record pursuant to FRE 803(8), which recognizes a hearsay exception for a public record that sets out "a matter observed while under a legal duty to report," FRE 803(8)(A)(ii), and pursuant to FRE 803(9), which recognizes a hearsay exception for "[a] record of a birth, death, or marriage, if reported to a public office in accordance with a legal duty."

The public records exception recognized by FRE 803(8) was "developed to admit the sundry sorts of public documents for which no serious controversy ordinarily arises about their truth, and it would be a great waste of time to have the person who created them come to court and testify, such as birth certificates, death certificates, judgments, licenses, and the like. Such a statement comes in under 'a firmly rooted hearsay exception' and has adequate indicia of reliability so that confrontation of the clerk who wrote the statement is not needed for the confrontation clause." *United States v. Orellana-Blanco*, 294 F.3d 1143, 1150 (9th Cir. 2002) (footnote omitted).

Defendant contends that the record of birth presented by the government does not indicate on its face whether it is a record of matters observed pursuant to duty imposed by law to satisfy the public records exception, citing *United States v. Pintado-Isiordia*, 448 F.3d 1155, 1157 (9th Cir. 2006). There, the court of appeals held that the particular birth record at issue did not satisfy the public records exception to the hearsay rule pursuant to FRE 803(8), because "the portion of the document that purports to set forth the legal authority for maintaining the record is shown as 'illegible' in the translated copy submitted to the district court." *Pintado-Isiordia,* 448 F.3d at 1157. Thus, the court could not determine whether the document was a record of matters "observed pursuant to duty imposed by law" pursuant to FRE 803(8). Defendant argues that the purported record of birth at issue here does not certify that the executor of the document was authorized under Mexican law to do so. Defendant further argues that the record reflects a statement by a person purporting to be defendant's mother that defendant was born two and a half years earlier. Defendant also contends that this record does not appear to comply with Mexican law, citing a secondary source which states that all children born in Mexico must be registered within six months of birth in the office of the civil registrar of the city or municipality where the birth occurred. Mot. at 4 (citing Karen Mercado Asencio, The Under-Registration of Births in Mexico: Consequences for Children, Adults, and Migrants, Migration Information Source, Migration Policy Institute (April 2012), available at http://www.migrationinformation.org/Feature/display.cfm?ID=888). This source also states, however, that "[i]f a child's birth is not registered within the time allotted by law, the family may be assessed large fines and subject to complex judicial procedures," indicating that births may be registered even after the six-month time period purportedly required by law.

Defendant correctly points out that the birth record does not state on its face that the document was issued by the original clerk pursuant to a legal duty. *Cf. United States v. Palomares-Munoz,* 5 Fed. Appx. 709, 711 (9th Cir. 2001) (holding that birth certificate fell within the hearsay exception for vital statistics because it includes on its face the recording official's certification that the report was made pursuant to law). However, the government

2

has sufficiently demonstrated that the clerk of the Civil Registry is authorized by the City of Tijuana, Mexico to record and issue records of birth. The birth record was entered by a clerk of the Civil Registry on March 5, 1973, who recorded that defendant's mother appeared before the clerk to register defendant's birth in Tijuana on September 20, 1970, and attested that two sworn witnesses confirmed her statement. Smock Decl., Ex. B. The government points out that the copy of the birth record includes a statement by a deputy clerk of the office of the Civil Registry attesting that it "is issued and certified this 5th day of November of 2012, in accordance with Article 35 of the current Civil Code of the State of Baja California." Smock Decl., Ex. B. That provision of the Civil Code provides that "[t]he officers of the Civil Registry or those acting in the [sic] places, . . . shall issue certifications of births . . . of Mexican citizens as well as of foreign residents of Mexico." Onyeagbako Decl., Ex. 5 (English translation of Article 35, Civil Code of the State of Baja California). The government has also provided an English translation of information on the official website for the Civil Registry of Tijuana, which states as follows:

> At the Civil Registry, you can register births . . . of Mexican citizens and of foreigners residing within the Mexican Federation.
>
> . . .
>
> The administration of the Civil Registry is a function of the Government of the State, carried out by the offices of the Clerks of the Civil Registry, which in their administrative capacity fall under the Office of the General Secretary of Government through the channel of the Civil Registry of the State. There are 7 offices of the Clerk of the Civil Registry in Tijuana.

Onyeagbako Decl., Ex. 3 (translation of website page).

Although defendant does not challenge the reliability of the website information, he argues in his reply that the website only establishes the legal duty of the Civil Registry under current Mexican law, but does not establish that the birth record was created pursuant to a legal duty that was imposed on the clerk of the civil registry in 1973. Defendant also argues that the certification of the birth record is dated November 5, 2012, and does not establish that the executor of the document was authorized by Mexican law in 1973 to record the birth. However, the fact that a current deputy clerk of the Civil Registry

3

has certified this birth record as a true and correct copy of the record of birth "FOUND IN THE ARCHIVES OF THIS OFFICE OF THE CLERK OF THE CIVIL REGISTRY" supports a determination that the Department of Civil Registry for the State of Baja California recognizes the document as one that was made pursuant to a legal duty to report at the time it was registered. Thus, on the face of the document, the Office of the Clerk of the Civil Registry recognizes the document as a birth record maintained there, and the record is sufficient for the court to infer that the recording clerk had a legal, public duty to report the registration of birth in 1973, as it does today. This certification of the public record of birth, by the government entity that is authorized by the State of Baja California, Mexico to record births, undermines defendant's suggestion that the recording clerk was not acting pursuant to a legal duty in 1973.

Defendant also challenges the trustworthiness of the document because defendant's mother reported his birth two and a half years after he was born. Def. Reply at 3. Looking to the totality of circumstances that surround the making of the statement by defendant's mother, neither the source of information nor other circumstances raise concerns about the trustworthiness of her statement, given that she reported his birth to the government entity authorized to record and issue birth certifications, that Rule 803(19) recognizes a hearsay exception for a statement of "reputation among a person's family . . . concerning the person's birth," and that two witnesses attested to the truth of her statement. *See United States v. Palomares-Munoz*, 5 Fed. Appx. at 711 (citing *Idaho v. Wright*, 497 U.S. 805, 819 (1990)).

The government has met its burden to show that the birth record is a record of matters "observed pursuant to duty imposed by law" pursuant to FRE 803(8), which is not a matter observed by law enforcement personnel. "In criminal cases, the public records hearsay for which an exception to inadmissibility is made is limited to 'records of routine, nonadversarial matters made in a nonadversarial setting,' reflecting 'ministerial, objective observations.' It does not apply to the subjective observations, summaries, opinions and conclusions of law enforcement personnel." *Orellana-Blanco*, 294 F.3d at 1150 (citations

4

and footnotes omitted).  The birth record at issue involves ministerial, objective observations and does not contain factual findings or analysis, nor does it reflect adversarial matters.  It therefore falls under the hearsay exception for public records under FRE 803(8)(A)(ii).  Having established that the birth record was reported in accordance with a legal duty, the government has also demonstrated that the record meets the hearsay exception for public records of vital statistics under FRE 803(9).  Defendant's motion to exclude the birth record is therefore DENIED.

**IT IS SO ORDERED.**

Dated: November 15, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge